IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                        CRIMINAL NO. 17-50016

KELEN DAVID TOMLINSON                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a pro se Motion (Doc. 26) filed by the Defendant, requesting credit towards his 210 month sentence for possession with intent to distribute methamphetamine. Specifically, Defendant requests 22 months of credit towards his federal sentence for the time he spent in custody prior to being transferred to the Bureau of Prisons ("BOP").

A request for credit for prior custody must be made, in the first instance, through the BOP. Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Western District of Louisiana), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Based on the foregoing, the undersigned recommends denying Defendant's Motion (Doc. 26) without prejudice to Defendant to filing a § 2241 petition in the appropriate district after he has exhausted the BOP administrative remedies.

AO72A
(Rev. 8/82)

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 27th day of February, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE